**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAZHAE SHEPARD, Booking No. 19728104, | Case No.: 3:19-cv-01625-JAH-MDD |
| Plaintiff, | **ORDER:** |
| vs. | **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]** |
| SAN DIEGO SHERIFF'S DEPT.; WILLIAM D. GORE; MEDICAL STAFF; FOOD SERVICES; Dr. TRAN, | **AND** |
| Defendants. | **2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Plaintiff Razhae Shepard, currently incarcerated at the San Diego County Sheriff Department's George Bailey Detention Facility ("GBDF"), and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

Shepard claims the San Diego Sheriff's Department ("SDSD"), unidentified members of its medical and food services staff, Sheriff William B. Gore, and a "contracted doctor" named Tran, have deprived him adequate medical care, failed to provide him an appropriate religious diet, and have given him the "run around" in response to the "numerous" grievances and internal affairs complaints he has filed at both

1

the San Diego Central Jail ("SDCJ"), GBDF, and the Vista Detention Facility ("VDF"), ever since he was booked into County custody in May 2019. *Id.* at 1-5. He seeks injunctive relief requiring the Sheriff to "fix medical procedures" and to provide adequate religious diets for Jewish inmates, as well as $6.6 million in general and punitive damages. *Id.* at 7.

Shepard has not paid the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, but instead has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I.    Motion to Proceed IFP

In order to commence a civil action, Shepard must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, because Shepard is a prisoner, even if he is granted leave to proceed IFP, he will remain obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his case is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

3:19-cv-01625-JAH-MDD

trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Shepard has submitted a copy of his San Diego Sheriff's Department Account Activity Statement reporting his trust account activity from 1-1-90 through 8-14-19. *See* ECF No. 2 at 5; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows Shepard had average monthly deposits of $53.15, carried an approximate average monthly balance of $23.12 over the 6-month period preceding the filing of his Complaint, and had $29.79 to his credit at the time of filing. *See* ECF No. 2 at 5.

Based on this accounting, the Court **GRANTS** Shepard's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $10.63 pursuant to 28 U.S.C. § 1915(b)(1). The Court will direct the Facility Commander of GBDF, or his designee, to collect this initial filing fee *only if sufficient funds are available in Shepard's account at the time this Order is executed*. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II.  Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

     A.    <u>Standard of Review</u>

Because Shepard is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and *sua sponte* dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or

3:19-cv-01625-JAH-MDD

"unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

      B.      <u>Factual Allegations</u>

     When he was booked into SDCJ on May 3, 2019, Shepard had wounds on his wrists, ribs, right foot, and hands, which he alleges to have suffered during the course of his arrest by the San Diego Police Department. *See* Compl., ECF No. 1 at 3. After booking, Shepard claims he "was not immediately seen by medical," but he "went man down" and was then examined by an unnamed SDCJ doctor who treated his wounds and ordered "lab[s]" and an x-ray. *Id.* Shepard claims he did not receive the x-ray until two weeks later, and further claims to have sustained a broken tooth, which interfered with his ability to eat. *Id.* Shepard was also prescribed Ensure for his "non-appetite," but that was "soon taken away." *Id.*

     Shepard further contends he has received a kosher diet in accordance with his religious beliefs "since being in jail," and had previously been provided kosher meals while he was in prison; therefore he "is very accustomed to how [his] meals should be prepared and delivered." *Id.* at 4. Nevertheless, unidentified Sheriff's Department "Food Services" officials at both the SDCJ and GBDF have provided him incomplete, cold, and "expired' kosher meals. *Id.*

     On July 18, 2019, Shepard claims he was attacked by three unidentified inmates who "due to [his] sexual orientation[,] cracked [his] ribs," and caused "other wounds." *Id.*[2] Because his nose, mouth, and ribs continued to "give [him] trouble," and because he was not being provided kosher meals in "the right way," he submitted "numerous

---

[2] Shepard mentions the July 18, 2019 incident with respect to his need for medical attention, but he does not appear to claim that any Defendant or unnamed SDSD official acted with deliberate indifference to a substantial risk of serious harm with respect to his physical safety. *See e.g., Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

grievances and request[s] for help," and sometimes on a daily basis, over the months of June through August 2019. He attaches many of these as exhibits. *Id.* at 8-56. Shepard contends many of his grievance forms were lost or never returned to him, and that he has only been "given the run-around by Sheriff['s Department] staff," in response to his continual complaints. *Id.* at 5.

C.    42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D.    San Diego Sheriff's Department, Medical Staff and Food Services

First, to the extent Shepard names the "San Diego Sheriff's Department," "Medical Staff" and "Food Services" as Defendants, he fails to state a claim upon which § 1983 relief may be granted. Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement agency, like the SDSD, its medical staff, or its food services sub-division, are not proper parties. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The SDSD is a law enforcement agency or department of the County of San Diego, but it is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered

6

'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at \*3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)]*, sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983); *Wade v. Fresno Police Dep't*, 2010 WL 2353525 at \*4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under section 1983). Therefore, Shepard cannot pursue any § 1983 civil rights claims against the "San Diego Sheriff's Department," its "Medical Staff," or its "Food Services" division. *See Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at \*3 (E.D. Cal. Jan. 12, 2017) ("Because the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

To the extent Shepard may have intended to assert a claim against the County of San Diego itself, his allegations are also insufficient. A municipal entity may be held liable under § 1983 only if he alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v.*

7

1    *Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable

2    "when execution of a government's policy or custom ... inflicts [a constitutional] injury."

3    *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

4           E.      Sheriff Gore & Dr. Tran -- Individual Liability

5         Second, while Defendants William D. Gore, the San Diego County Sheriff, and Dr.

6    Tran, whom Shepard claims is "contracted doctor" at the VDF, are "persons" subject to

7    suit under § 1983, his only allegations as to Gore is that he is the "head of the Sheriff's

8    Department," and that he "neglected" to oversee "internal affairs." *See* Compl. at 2.

9    Similarly, Shepard's only claim with respect to Dr. Tran is that he or she "ma[de]

10   remarks that didn't pertain to [Shepard's] medical [care] and were rather prejudice[d]."

11   *Id.*

12        These types of broad and conclusory allegations fail to plausibly show how, or to

13   what extent, Gore or Tran may be held individually liable for any constitutional injury.

14   *See Iqbal*, 556 U.S. at 676-77; *Jones v. Comm'ty Redev. Agency of City of Los Angeles*,

15   733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some

16   degree of particularity overt acts which defendants engaged in" in order to state a claim).

17   As pleaded, Shepard plainly seeks to hold Gore liable for the acts of unidentified

18   subordinates responsible for his medical care and diet at the SDCJ, GBDF or VDF. But

19   "vicarious liability is inapplicable to … § 1983 suits." *Iqbal*, 556 U.S. at 676. Instead,

20   "Plaintiff must plead that each Government-official defendant, through [his] own

21   individual actions, has violated the Constitution" in order to plead a plausible claim for

22   relief. *Id.*; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor

23   may be held liable under §1983 only if there is "a sufficient causal connection between

24   the supervisor's wrongful conduct and the constitutional violation") (citations and

25   internal quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)

26   (when a named defendant holds a supervisorial position, the causal link between the

27   defendant and the claimed constitutional violation must be specifically alleged).

28   ///

Shepard's allegations with respect to Dr. Tran are even more tenuous. He claims only that Tran "made remarks" which Shepard perceived as "rather prejudice[d]" on some unidentified occasion after Shepard had been transferred from the SDCJ to VDF and was seeking "medical attention." *See* Compl. at 2. And while Shepard does claim to have waited two weeks for an x-ray of his ribs immediately after he was booked in the SDCJ on May 3, 2019, *id.* at 3, he does not claim that Dr. Tran was in any way involved in his medical care while he was housed at the SDCJ, responsible for any delay, or that he suffered any harm as result of Tran's acts or omissions. *See Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1013 (S.D. Cal. 2018) ("Liability under § 1983 arises only upon a showing of personal participation by the defendant."); *see also Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (inadequate medical care claims alleged by persons in pretrial custody "must be evaluated under an objective deliberate indifference standard.") (citing *Castro*, 833 F.3d at 1070).

For all these reasons, the Court dismisses Plaintiff's Complaint in its entirety for failing to state a claim upon which § 1983 relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

F.   Leave to Amend

In light of his pro se status, the Court will grant Shepard leave to amend his pleading deficiencies, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

Shepard is further cautioned, however, that should he elect to amend and to identify the individual SDSD deputies, food service employees, and medical personnel who are alleged to have denied him adequate medical attention or a diet sufficient to accommodate his sincerely held religious beliefs, he must also include facts to show how

9

each individual person he seeks to hold liable for his injuries violated his First and Fourteenth Amendment rights. Because he appears to have been a pretrial detainee at the time he alleges to have been denied appropriate medical care, the Fourteenth Amendment will form the constitutional basis of those claims. *See Castro* 833 F.3d at 1071.[3] To state a claim under the First Amendment's Free Exercise Clause, Shepard must allege facts to plausibly show the defendant's actions: (a) "substantially burden[ed]" the exercise of a sincerely-held religious belief, and (b) did so in an unreasonable manner—*i.e.*, the official's actions were not "rationally related to legitimate penological interests." *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-50 (1997); *Jones v. Williams*, 791 F.3d 1023, 1031, 1033 (9th Cir. 2015) (citation omitted); *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (citations omitted).

## III.  Conclusion and Orders

Based on the foregoing, the Court:

1.      **GRANTS** Shepard's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.      **ORDERS** the Facility Commander of GBDF, or his designee, to collect from Shepard's trust account the $10.63 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

///

---

[3] *See Gordon*, 888 F.3d at 1124-25 (inadequate medical care claims alleged by persons in pretrial custody "must be evaluated under an objective deliberate indifference standard.") (citing *Castro*, 833 F.3d at 1070).

3:19-cv-01625-JAH-MDD

1    3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Facility

2   Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego,

3   California, 92158.

4    4.    **DISMISSES** Shepard's Complaint for failing to state a claim upon which

5   relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and

6   **GRANTS** him 45 days leave from the date of this Order in which to file an Amended

7   Complaint which cures the deficiencies of pleading noted. Shepard's Amended

8   Complaint must be complete by itself without reference to his original pleading.

9   Defendants not named and any claim not re-alleged in his Amended Complaint will be

10  considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner

11  & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes

12  the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that

13  claims dismissed with leave to amend which are not re-alleged in an amended pleading

14  may be "considered waived if not repled.").

15       If Shepard fails to file an Amended Complaint within 45 days, the Court will enter

16  a final Order dismissing this civil action based both on his failure to state a claim upon

17  which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and

18  his failure to prosecute in compliance with a court order requiring amendment. *See Lira

19  v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage

20  of the opportunity to fix his complaint, a district court may convert the dismissal of the

21  complaint into dismissal of the entire action.").

22       **IT IS SO ORDERED**.

23

24  Dated: November 18, 2019

25                                   Hon. John A. Houston

26                                   United States District Judge

27

28

11