UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAZHAE SHEPARD,<br>Booking No. #19728104,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF's DEPT., et al.,<br>　　　　　　　　　　Defendants. | Case No.: 3:19-cv-01625-JAH-MDD<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)(1)**<br><br>[ECF No. 4] |

Razhae Shepard ("Plaintiff"), while detained at the San Diego County Sheriff Department's George Bailey Detention Facility ("GBDF"), and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　Procedural Background**

In his original Complaint, Shepard alleged that the San Diego Sheriff's Department ("SDSD"), unidentified members of its medical and food services staff, County Sheriff William B. Gore, and a "contracted doctor" named Tran, deprived him adequate medical care, failed to provide him an appropriate religious diet, and gave him the "run around" in response to multiple grievances and internal affairs complaints he filed at both the San

1  Diego Central Jail ("SDCJ"), GBDF, and the Vista Detention Facility ("VDF"). *See*
2  Compl., ECF No. 1 at 1-5. He sought injunctive relief as well as $6.6 million in general
3  and punitive damages. *Id.* at 7.

4       On November 18, 2019, this Court granted Plaintiff leave to proceed IFP, screened
5  his Complaint, and dismissed it *sua sponte* for failing to state a claim pursuant to 28 U.S.C.
6  § 1915(e)(2)(B) and § 1915A(b). *See* ECF No. 3. Plaintiff was given 45 days leave in which
7  to file an amended complaint that addressed all his pleading deficiencies. *Id.* at 6-11; *see*
8  *also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court
9  should grant leave to amend even if no request to amend the pleading was made, unless it
10 determines that the pleading could not possibly be cured.") (citations omitted)).

11      On December 6, 2019, Plaintiff filed an Amended Complaint ("FAC") (ECF No. 4).
12 Plaintiff continues to refer broadly to the denial of his "medical needs," his right to "free
13 enjoyment of religion without discrimination," and to be free from "cruel and unusual
14 punishment," but he offers even fewer factual details than he did in his original pleading,
15 and fails to connect any of the named Defendants to any particular act, omission, or incident
16 of constitutional wrongdoing. *See* FAC at 3–5. Plaintiff also continues to allege, without
17 more, that SDSD officials as a group, and Sheriff William D. Gore in particular, "ignored"
18 more than a dozen of his inmate grievances. *See* FAC at 3.

19 **II.**    **Screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

20      As Plaintiff knows, the Court is obligated by the Prison Litigation Reform Act
21 ("PLRA") to review complaints filed by all persons proceeding IFP and by those, like
22 Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for,
23 or adjudicated delinquent for, violations of criminal law or the terms or conditions of
24 parole, probation, pretrial release, or diversionary program," at the time of filing "as soon
25 as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the
26 PLRA, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are
27 frivolous, malicious, fail to state a claim, or which seek damages from defendants who are
28 immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*, 203 F.3d at 1126-27 (citing

§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

### A. Standard of Review

"The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the

pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

**B.  42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

**C.  Discussion**

As noted above, Plaintiff's FAC suffers from the same pleading deficiencies as his original Complaint. While he cites his rights to "freedom of religion," and the Eighth and Fourteenth Amendments to the U.S. Constitution as the legal bases for his claims, *see* FAC at 3–6, these "naked assertions" which remain "devoid of further factual enhancement," do not "allow[] the court to draw the reasonable inference" that any of the Defendants he has named as parties may be held liable under § 1983. *Iqbal*, 556 U.S. at 678 (citations omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

In its November 18, 2019 Order, the Court specifically advised Plaintiff that even pro se litigants "must allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a plausible claim for relief. *See* ECF No. 3 at 8 (citing *Iqbal*, 556 U.S. at 676–77; *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984)). "Liability under § 1983 arises only upon a showing of

personal participation by the defendant." *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1013 (S.D. Cal. 2018). Except with respect to Sheriff Gore, whom Plaintiff claims "ignored" his many inmate grievances, and enforced unidentified "policies adopted by [the] County of San Diego," *see* FAC at 5, Plaintiff still fails to even minimally describe when, how, or what each individual Defendant either did, or failed to do, with respect to providing him medical care or ensuring his right to freely exercise any sincerely held religious belief. To state a claim under § 1983, Plaintiff must link each Defendant's personal acts or omissions to each claim for relief, and include "sufficient factual matter … to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted); *Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013). He still has not.

With respect to Sheriff Gore, Plaintiff claims broadly that he adopted unidentified policies on behalf of the County, refused to provide "emergency medical help" on an unspecified occasion, and denied him the right to petition for redress via inmate grievance procedures. *See* FAC at 3, 5. First, to the extent Plaintiff again seeks to pursue any claim of municipal liability against the County itself, his FAC still fails to allege that any individual municipal employee violated his constitutional rights "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). A § 1983 claim against a municipal entity requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff still fails to identify what policy, custom, or practice was at play—and isolated or random acts of wrongdoing are insufficient to sustain a municipal liability claim. *See Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989), *overruled on other grounds by Bull v. City and Cnty. of San Francisco*, 595 F.3d 964 (9th Cir. 2010); *see also Flesher v. Los Angeles Cnty. Jail Med. Staff*, No. CV 20-3937-AB (KK), 2020 WL 2523241, at *4 (C.D.

Cal. May 18, 2020) (finding claims that detainee's "civil rights were violated on two separate occasions" insufficient to plausibly allege a municipal custom or practice).

Second, to the extent Plaintiff seeks to hold Sheriff Gore personally liable for ignoring his many inmate grievances, internal affairs, and Citizen's Law Enforcement Review Board complaints, *see* FAC at 5–6, he also fails to state a claim upon which relief may be granted. The existence of an internal jail or prison grievance procedure does not create any substantive rights enforceable under the Due Process Clause. *See, e.g., Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.") (internal citations omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure."). Thus, Plaintiff cannot assert due process claims against Sheriff Gore based solely on the handling or alleged mishandling of his inmate grievances. *See McRoy v. Roe*, 509 Fed. Appx. 660, 660 (9th Cir. Feb.19, 2013) (affirming dismissal of claims arising from defendants' processing of grievances) (citing *Ramirez*).

Finally, the Court's November 18, 2019 Order specifically advised Plaintiff that should he elect to amend and identify the individual SDSD deputies or medical personnel who personally denied him adequate medical attention or failed to sufficiently accommodate his sincerely held religious beliefs, he must also include facts to show how each of those individual persons violated his First and Fourteenth Amendment rights. *See* ECF No. 3 at 9–10. Because he does not specify, but appears to have been a pretrial detainee at the time he alleges to have been denied appropriate medical care and/or religious accommodations at either the SDCJ, GBDF, or VDF, the Court identified both the First and Fourteenth Amendments as the appropriate constitutional bases for those claims, and specifically set out the pleading requirements for both. *See id.* at 10 n.3

("[I]nadequate medical care claims alleged by persons in pretrial custody 'must be evaluated under an objective deliberate indifference standard.'") (citing *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018)); *id.* at 10 ("To state a claim under the First Amendment's Free Exercise Clause, Shepard must allege facts to plausibly show the defendant's actions: (a) 'substantially burden[ed]' the exercise of a sincerely-held religious belief, and (b) did so in an unreasonable manner—*i.e.*, the official's actions were not 'rationally related to legitimate penological interests.'") (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-50 (1997); *Jones v. Williams*, 791 F.3d 1023, 1031, 1033 (9th Cir. 2015) (citation omitted); *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (citations omitted)).

Plaintiff's FAC continues to invoke legally significant phrases like "cruel and unusual punishment," "deliberate indifference," "discrimination," and "equal protection," *see* FAC at 3–5, but these types of "conclusory statements are not enough. *See Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. As pleaded, Plaintiff's FAC continues to provide "nothing more than conclusions." *Id.* With respect to his need for medical care, he does *not* plead any factual content sufficient to plausibly show any individual SDSD official "made an intentional decision with respect to conditions under which [he] was confined," contend those conditions placed him "at substantial risk of suffering serious harm," allege that anyone failed to abate that risk, or claim that any individual SDSD official's conduct caused his injuries. *Gordon*, 888 F.3d at 1125. Nor does Plaintiff allege to hold any sincerely held religious belief or identify a "substantial burden" placed on the exercise of that belief by any named Defendant.[1] *See Shakur*, 514 F.3d at 884-85; *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).

---

[1] In his original Complaint, Plaintiff alleged he was provided incomplete, cold, and "expired" kosher meals. *See* Compl., ECF No. 1 at 4. His FAC is even less specific, and simply refers to the "discontinu[ation of] … religious observance diets." *See* FAC at 4.

Therefore, the Court finds Plaintiff's FAC continues to fail to state a claim upon which § 1983 relief can be granted and must be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### D.  Supplemental State Law Claims

Plaintiff also cites Art. I §§ 1, 3(a), 7(a), and 17 of the California Constitution, as well as various provisions of Title 15 of the California Code of Regulations as having been violated. *See* FAC at 3–5.

To the extent Plaintiff intends to raise independent state law claims for relief, the Court finds they are subject to dismissal without prejudice pursuant to 28 U.S.C. § 1367(a). "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Moreover, the Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, because the Court has found Plaintiff's FAC fails to state any plausible claim for relief pursuant to 42 U.S.C. § 1983, it hereby exercises its discretion to dismiss all Plaintiff's supplemental state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *Id.*

### E.  Leave to Amend

On November 18, 2019, the Court explained Plaintiff's various deficiencies, and because it was not absolutely clear he could not cure them by amendment, gave him specific direction in order that he might "use[] the opportunity to amend effectively." *Aktar*

*v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Instead, Plaintiff's FAC offers even fewer factual allegations than his original Complaint, and it fails to even minimally address any of the pleading deficiencies the Court identified for him. Therefore, the Court finds further amendment would likewise prove futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

### III. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action *sua sponte* without further leave to amend for failure to state a claim upon which § 1983 relief can be pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: June 1, 2020

_____

Hon. John A. Houston
United States District Judge

9

3:19-cv-01625-JAH-MDD